IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD MARK,<br>CHARMAINE MARK and<br>UNITED STATES REAL ESTATE CORP., | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | 8:06CV769 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GOVERNMENT PROPERTIES<br>TRUST, INC., | )<br>)<br>) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Filing No. 25). The plaintiffs filed a brief (Filing No. 26) and a reply brief (Filing No. 32) in support of the motion. The defendant filed a brief (Filing No. 28) in opposition to the motion.

## BACKGROUND

This case arises from a dispute related to a contractual relationship between the parties. The allegations in the amended complaint (Filing No. 11) are summarized as follows. In February 2005, the defendant entered into a contract with the individual plaintiffs. The February 2005 contract, which provided that the plaintiffs would perform certain functions relating to the acquisition of real estate for the defendant, a real estate investment trust, in exchange for a percentage of the acquisition price of the property. The February 2005 contract provided in paragraph 1 that the agreement "shall expire December 31, 2005," but that it "shall automatically renew for additional one-year periods upon each anniversary date hereof and may be terminated at any time upon thirty day written notice delivered from one party to the other."

In June 2005, the parties modified the contract orally to include, among other things, a provision that the contract would have a three year term and would be terminable only for cause. The modification was memorialized in an electronic mail message from the defendant. In September 2006, the defendant sent the plaintiffs a draft document referred

to as "Proposed Amendment 1" to memorialize the earlier contract modification. Proposed Amendment 1 included provisions that the contract "may be terminated at any time and for any reason upon thirty days written notice delivered from one party to the other" and that the defendant was to pay the plaintiffs a "break up" fee of $100,000, in the event of a contract termination. Proposed Amendment 1 underwent several changes between September 16, 2006 and October 4, 2006. Ultimately, the plaintiffs sent "Proposed Amendment 1 Version 5 with Handwritten Changes" to the defendant. Version 5 included a provision that the defendant would pay the plaintiffs $250,000, if the defendant terminates the agreement prior to the expiration date. Soon after, the plaintiffs sent a revocation of the document, stating the previous agreement remained in place.

On October 20, 2006, the defendant sent a letter to the plaintiffs stating it was terminating the contractual relationship effective December 19, 2006. On December 20, 2006, the defendant sent the plaintiffs two letters and two checks. The first was related to fees earned by the plaintiffs for a particular real estate transaction. The second check was for $250,000 with a cover letter explaining the check constitutes full payment of the break up fee pursuant to the February 2005 contract as amended by Amendment 1.

Based on these alleged facts, the plaintiffs assert claims for breach of contract and declaratory judgment. The plaintiffs allege the damages "will be over $2.5 million" on the breach of contract claim. **See** Filing No. 11, p. 11. Further, the plaintiffs contend the issue with regard to declaratory judgment is whether Proposed Amendment 1 Version 5 with Handwritten Changes was effective given the plaintiffs' subsequent revocation.

On February 16, 2007, the defendant filed an answer to the amended complaint listing the following eight affirmative defenses:

> 62. The Amended Complaint fails to state a claim upon which relief may be granted.
> 63. Plaintiffs failed to satisfy conditions precedent to recovery and failed to perform all of their obligations under the parties' agreement or agreements.
> 64. Plaintiffs are in breach of the February 2005 Contract and Amendment 1.
> 65. Plaintiffs' claims are barred in whole or in part by the parol evidence rule.

66. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.
67. Plaintiffs' claims are barred in whole or in part by their failure to procure and / or maintain the necessary registration and / or licensing.
68. Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and laches.
69. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**See** Filing No. 17.

The plaintiffs contend the defenses listed are insufficient as a matter of law and fail to put the plaintiffs on adequate notice of the elements of each defense. Thus, the plaintiffs contend the defenses should be stricken pursuant to Fed. R. Civ. P. 12(f). The plaintiffs argue the defendant wholly failed to provide any factual basis supporting the defenses, but supplied only "bare bones conclusory allegations". While the plaintiffs note the defenses are described with more detail in the Rule 26(f) planning report, the plaintiffs argue such descriptions are inadequate. In their reply brief, the plaintiffs allege they would suffer prejudice by being required to expend resources during discovery related to the alleged affirmative defenses.

The defendant contends the answer is sufficient to put the plaintiffs on notice of the defenses. Alternatively, the defendant argues the plaintiffs suffer no prejudice due to a lack of detail because the plaintiffs received additional information in the planning report and may explore the defenses through discovery. Finally, the defendant argues the plaintiffs may challenge the defenses in a motion for summary judgment after discovery if they still believe the defenses are baseless.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). However, motions to strike are disfavored because they serve potentially only to delay proceedings. **Stanbury Law Firm v. I.R.S.**, 221 F.3d 1059, 1063 (8th Cir. 2000); **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977). A court

possesses liberal discretion when ruling on motions to strike under Rule 12(f). **Stanbury**, 221 F.3d at 1063.

Affirmative defenses are subject to Fed. R. Civ. P. 8(b) and 8(c), which require a party "state in short and plain terms the party's defenses to each claim."

> Rule 8(c) requires that certain affirmative defenses shall be set forth affirmatively. However, this does not mean that they must be pleaded with particularity. Rather, a defendant's assertion of an affirmative defense is adequate when it gives the plaintiff fair notice of the defense. Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies:
>> The requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention. At the same time, hypertechnicality in pleading requirements should be avoided. Thus, liberal pleading rules are equally applicable to the pleading of affirmative defenses. More important, what matters is not whether the magic words "affirmative defense" appears in pleadings, but whether the Court and the parties were aware of the issues involved.
>
> Along that line, defenses should not be stricken where the law or facts determining their application are unclear.

**New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.**, 408 F. Supp. 2d 526, 529-30 (N.D. Ohio 2006) (internal citations omitted); **see Barnwell & Hays, Inc. v. Sloan**, 564 F.2d 254, 255 (8th Cir. 1977) (particular terminology not required, affirmative defense sufficient if apprises the plaintiff of the defendant's intention to rely on defense); **see also General Elec. Capital Corp. v. Lanmann**, No. 2:05-CV-1130, 2006 WL 2077103, at *3 (S.D. Ohio July 24, 2006) (unpublished) ("Rule 8(c) similarly targets fair notice, but is arguably even less demanding than its Rule 8(b) counterpart."); **Conocophillips Co. v. Shaffer**, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (unpublished) ("Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement."). By contrast, an affirmative defense with no basis in law may

be stricken. **See** *United States v. Dico, Inc.*, 266 F.3d 864, 880 (8th Cir. 2001) (defense foreclosed by circuit precedent).

"Motions to strike affirmative defenses are not favored by the court, and before such a motion can be granted, the court must be convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the defense succeed." *Puckett v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999) (**quoting** *Soanes v. Baltimore & O.R. Co.*, 89 F.R.D. 430, 431 n.1 (E.D. N.Y. 1981)). Furthermore, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo.1985). Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo.1997) (**citing** 5 C. Wright and A. Miller, Federal Practice and Procedure § 1382 (2d ed.1990)).

Although not detailed, the defendant lists eight short, plain statements of its affirmative defenses, providing the plaintiffs with fair notice. **See** *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (short, plain statement is sufficient if it gives opposing party fair notice of its claims; liberal discovery under the rules will allow further definition of the disputed facts and issues). Moreover, the plaintiffs makes no showing of prejudice, justifying striking the defenses. Although the plaintiffs urge this court to use the Rule 12(b)(6) standards, the plaintiffs fail to show the defenses are legally insufficient as a matter of law or fact. Each of the affirmative defenses raises factual issues for the court to consider, on a properly filed dispositive motion, rather than at this stage on a motion to strike. Further, the defendant's defenses do not interject complicated issues that if stricken would avoid needless expenditures of resources on discovery. The defenses are clearly related to the controversy as raised by the plaintiffs. Accordingly, the court finds the plaintiffs have failed to show that under no set of circumstances can the defenses succeed or that the plaintiffs will suffer undue prejudice by inclusion of the affirmative defenses. Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Filing No. 25) is denied.

DATED this 5th day of April, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge
