IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD MARK, CHARMAINE MARK,** <br> **and UNITED STATES REAL ESTATE** <br> **CORPORATION,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **GOVERNMENT PROPERTIES TRUST, INC.** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 8:06CV769 <br><br><br> **AGREED CONFIDENTIALITY** <br> **AND PROTECTIVE ORDER** |

      The parties having agreed hereto, as indicated by the signatures of their respective counsel set forth below,

      **IT IS ORDERED** that this Confidentiality and Protective Order (the "Order") shall apply to discovery and the presentation of testimony in this case as follows:

      1.     "Confidential" information shall mean

          (a)     all documents and other things produced or otherwise disclosed in this action, including all copies thereof, where such items are so designated as provided by this Order; and

          (b)     all testimony given in this action in deposition, where such testimony is so designated as provided by this Order, including all transcript copies thereof.

      2.     No party or third party shall designate any information as Confidential unless such party or third party has a good faith basis for believing that such information is not commonly known by or available to the public and is the subject of efforts that are reasonable under the circumstances to maintain its confidentiality, or the party or third party is under a contractual obligation of confidentiality regarding the information.

      3.     Documents and testimony shall be designated as Confidential in the following manner:

          (a)     With regard to documents, the designation of "Confidential" shall be plainly legible on each page of each document, or the documents shall be identified as "Confidential" in a written or electronic communication to opposing counsel at or before the

time when the documents are produced. In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged.

(b)   With regard to testimony, the testifying witness (or his or her counsel) or any party may announce on the record the beginning and end of such testimony to indicate its Confidential nature pursuant hereto. Alternatively, the testifying witness (or his or her counsel) or any party may designate the beginning and end of the Confidential testimony on the errata sheet or by any other written notification within thirty (30) days after receipt of a copy from the court reporter. Until that thirty (30) day period expires, all deposition transcripts shall be treated as Confidential.

4.   Information designated as Confidential shall be given, shown, disclosed, made available, or communicated only to:

(a)   The attorneys for the respective parties in this action, their respective partners, associates, clerks, legal assistants, stenographic personnel, and other direct employees of the attorneys;

(b)   The following individuals:

(1)   the parties;

(2)   the directors, officers, employees or in-house attorneys of the parties;

(3)   outside consultants or outside experts retained by a party or a party's counsel to actively assist counsel in the preparation and trial of this litigation; or

(4)   such other persons as may hereafter be qualified to receive Confidential information pursuant to any written agreement between the parties, or pursuant to any order of the Court.

5.   Before Confidential information is disclosed to any person identified in paragraphs 4(b)(3) or 4(b)(4), the person must agree to be bound by the terms of this Order by executing a copy of the Confidentiality Agreement attached hereto, the signed original of which shall be retained by counsel for the party who requested that it be executed.

6.   Before disclosing Confidential Information to a person listed in paragraphs 4(b)(3) or 4(b)(4) who is a competitor (or an employee of a competitor) of a party designating the information Confidential, the party wishing to make such disclosure shall,

at least ten business days before the planned disclosure, give notice by electronic mail to the counsel for the party who designated such information Confidential. That notice shall state the names and addresses of the persons to whom the disclosure will be made and the date of the planned disclosure. If before the date of the planned disclosure a motion is filed objecting to the proposed disclosure, the disclosure is not permissible unless the Court denies such motion. Any such motion shall be governed by the Federal Rules of Civil Procedure and the General and Civil Rules of the United States District Court for the District of Nebraska, and the motion referenced in this paragraph objecting to the disclosure should be denied unless the objecting party shows good cause why the proposed disclosure should not be permitted.

7. In addition to the categories of information listed in Rule 5.3(b) of the Civil Rules of the United States District Court for the District of Nebraska, a party or third party may redact from copies of documents that it produces information that, based on its good faith belief, is commercially or competitively sensitive. The redacting party shall produce an unredacted copy of the redacted document once the information is no longer commercially or competitively sensitive. If the redactions are so extensive that they do not permit the party receiving the document to determine what type of information has been redacted, then the parties will arrange for counsel for the receiving party to review an unredacted copy of the document on an "attorney's eyes only" basis. The counsel reviewing the information on an "attorney's eyes only" basis shall not make or receive any copies of the unredacted document at that time. Nor shall that counsel take any notes containing the redacted information, although they shall be permitted to take notes generally referring to the subject matter of the redacted information for purposes of challenging the redaction.

8. If a party disputes the designation by another party of any document or information as Confidential or a redaction, the parties shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to Confidential treatment or the redaction is appropriate. If the parties are unable to resolve their dispute by agreement, then the party disputing the designation or redaction may seek to challenge the designation or redaction, or the extent to which the document or information is entitled to

Confidential treatment, by following the procedures set forth in Rule 7.1(i) of the Civil Rules for the United States District Court for the District of Nebraska. The designated material in question shall continue to be treated as Confidential subject to the terms of this Order pending the Court's resolution of the dispute.

9. No party, person, firm, corporation, limited liability company, trust, or other entity shall use Confidential documents, transcripts, or other information in any manner whatsoever except in prosecution or defense of the claims in this litigation, or any appeals thereof. Furthermore, no party, person, firm, corporation, limited liability company, trust, or other entity shall give, show, disclose, make available or communicate Confidential documents, transcripts, or other information to any person, firm, corporation, limited liability company, trust or other entity not expressly authorized to receive that information by this Order except in accordance with this paragraph. If any court, party, governmental entity, or any other person or entity subpoenas or orders production of Confidential documents, transcripts, or other information that a party has received pursuant to this Order, that party shall promptly notify the party that designated the documents, transcripts or information as Confidential of the pendency of the subpoena or order. A party's use for any purpose of its own documents and other things which it produces or discloses in this action shall not be considered a violation of this Order.

10. All Confidential information filed with the Court for any purpose shall be filed as a restricted document in accordance with Rule 5.3(c) of the Civil Rules of the United States District Court for the District of Nebraska. In the event a party wishes to use any Confidential information in any affidavits, briefs or other papers filed in Court in this action, such affidavits, briefs, or other papers so filed shall be designated as "Confidential Information - Subject to Protective Order" and shall be filed as a restricted document in accordance with Rule 5.3(c) of the Civil Rules of the United States District Court for the District of Nebraska.

11. Counsel for any party may exclude from the room during a deposition any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential information. Unless this Court orders otherwise, deponents shall

not be shown Confidential information that was not provided by them or entities they work for unless they sign the Confidentiality Agreement attached to this Order.

12.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

13.     No party shall be responsible to another party for any use made of documents or other information not identified by the supplying party as Confidential in accordance with the provisions of this Order.

14.     If documents, transcripts, or other information were produced before this Order was entered, they may be designated Confidential by notice to counsel for the party or parties that received the documents, transcripts, or other information, and the documents, transcripts, or other information shall be treated as if they were designated Confidential when produced or when the deposition was taken.

15.     A party shall not be obligated to challenge the propriety of a designation of Confidential documents, transcripts, or other information at the time such designation is made, and a failure to make any such challenge at that time shall not preclude a subsequent challenge by such party to such designation.  Any party may move the Court, upon notice, to remove or change the Confidential designation with respect to any specified document, testimony, or any other thing, or any portion thereof.  In the event of such a motion, the designating party shall have the burden of persuading the Court that the challenged designation is justified and necessary, and the Court shall decide the motion in accordance with the Federal Rules of Civil Procedure and the General and Civil Rules of the United States District Court for the District of Nebraska.

16.     This Order applies to all documents, testimony or other things produced in this action by the parties or by third-parties on and after the date of this Order (and documents produced before that date to the extent indicated above) and it replaces arrangements made by the attorneys for the parties in this action for the designation and handling of all Confidential information before this Order.

17.     The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to the confidentiality of documents,

nor shall it relieve a party of the necessity of properly responding or objecting to discovery requests, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18. If any party desires to disclose, display, or reveal in any manner any claimed Confidential information to any persons or under any circumstances <u>other</u> than those referred to in paragraph 4 above, the party shall designate such information or documents, identify the persons to whom he or she wishes to disclose such information or documents, and inform the producing party of his or her desire to communicate such information or documents. If information or documents are so designated and the parties are subsequently unable to agree upon the terms and conditions of disclosure, disclosure may be made only on such terms as this Court may order on application after due notice.

19. The execution and entry of this Order shall not:

(a) be deemed an admission that any document designated Confidential information is, in fact, confidential or entitled to any protective relief whatsoever; or

(b) prohibit the parties from modifying or altering the provisions herein by mutual consent or by order of this Court.

20. Confidential documents, transcripts, or other information received by a party or person in discovery may not be used to discourage any third party from doing business with or entering into a transaction with a party to this Order, or for competitive or business advantage, or for any other purpose whatsoever other than prosecuting or defending the claims in this lawsuit. A party may use his, her, or its own Confidential information for any purpose whatsoever.

21. Within sixty (60) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall certify, in writing, that all items constituting, containing, or reflecting the other party's or a third party's Confidential information, as well as all copies, extracts, summaries, notes and other derivatives thereof, either (a) have been destroyed (b) have been returned to the party that produced such information, or (c) will be retained in counsel's closed case files, but subject to ongoing and permanent measures by counsel to maintain all of the

protections for Confidential information that are provided for in this Order. The provisions of this Order shall not terminate at the conclusion of this action.

22. Nothing contained in this Order shall require the removal from the Court's file of any brief, pleading, motion, affidavit, or other paper filed with or submitted to this Court during the pendency of this litigation.

23. The Court shall retain jurisdiction to enforce the provisions of this Order, even after this action is terminated by final adjudication, settlement or otherwise. In addition, any party may hereafter seek an order by the Court modifying any provision(s) of this Order.

24. A third party to this action may only designate as Confidential that information which it produces.

25. With regard to electronically stored information or other information that is not contained in testimony and is not amenable to stamping, the producing party may designate all or a portion of that information as Confidential in any separate written or electronic communication to opposing counsel or by placing the word "Confidential" on any compact disc or other media containing the information, and all such Confidential information will be treated as so designated for all purposes under this Order. Said designation shall be made simultaneously with the production or disclosure of the designated information, subject to the provisions of paragraphs 14 and 16 of this Order

26. Neither the parties, nor their attorneys, employees, directors, officers or any other person under their control, shall discourage or dissuade any deponent from executing the attached Confidentiality Agreement.

DATED this 30th day of November, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

**[SIGNATURES OF COUNSEL INDICATING CONSENT ON NEXT PAGE]**

**CONSENTED TO:**

s/Martin C. Bryce, Jr.
Martin C. Bryce, Jr. (pro hac vice)
William B. Igoe (pro hac vice)
BALLARD SPAHR ANDREWS
INGERSOLL, LLP
1735 Market Street
Philadelphia, PA 19103
(215) 665-8500

-and-

James B. Cavanagh (NE #10643)
LIEBEN, WHITTED, HOUGHTON,
SLOWIACZEK & CAVANAGH, P.C., L.L.O.
100 Scoular Building
2027 Dodge Street
Omaha, Nebraska 68102
(402) 930-1011

Attorneys for Defendant Government
Properties Trust, Inc.

s/Patrick E. Brookhouser, Jr.
Robert J. Bothe (NE #15018)
Patrick E. Brookhouser, Jr. (NE #19245)
Catherine C. Lemoine (NE #23428)
MCGRATH NORTHUP MULLIN &
KATZ, P.C. L.L.O.
Suite 3700 First National Tower
1601 Dodge Street
Omaha, Nebraska 68102

Attorneys for Plaintiffs Richard Mark,
Charmaine Mark, and United States Real
Estate Corporation

CONFIDENTIALITY AGREEMENT

The undersigned hereby stipulates and agrees as follows:

1. The undersigned acknowledges that Richard Mark, Charmaine Mark, and United States Real Estate Corporation and Government Properties Trust, Inc. and possibly other parties are currently engaged in litigation in the United States District Court for the District of Nebraska (hereafter, the "Litigation").

2. The undersigned acknowledges that the Court entered a Confidentiality and Protective Order (hereafter, the "Order") strictly limiting the use and disclosure of certain confidential and proprietary documents, testimony and information in the Litigation.

3. In conjunction with the Litigation, the undersigned desires and expects to be exposed to documents, testimony or information governed by the Order.

4. The undersigned has read the Order and understands and acknowledges that, among other things, the Order prohibits

   a. the use of documents, testimony or information subject to the Order for any competitive or business purpose, or for any purpose other than to prosecute or defend the claims in the Litigation, and

   b. the disclosure of documents, testimony or information subject to the Order to any person not authorized by the Order.

5. The undersigned agrees to be bound by the terms of the Confidentiality and Protective Order and acknowledges that violations of the terms of the Order may be punishable by the United States District Court for the District of Nebraska.  The undersigned consents to jurisdiction of that Court for purposes of enforcing the terms of the Order and any sanctions, penalties, or other relief that Court may Order for violations of the Order.

_____
Signature

Name: _____

Date: _____